1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# WESTERN DITRICT OF WASHINGTON

| | |
|---|---|
| RICH HALLMAN, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.; and DOES 1 through 10, inclusive,<br><br>Defendant. | **Case No.**<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

Plaintiff Rich Hallman ("Plaintiff") is informed and believe, and on that basis allege, as follows:

## NATURE OF THE ACTION

1.      This is a Washington state-wide class action for failure to pay for rest breaks, overtime, and other labor violations.  Defendant Wells Fargo Bank, N.A.'s ("Defendant" or "Wells Fargo") fails to compensate its mortgage sales force in compliance with Washington law.  As more fully described herein, Defendant paid Plaintiff and class members based on a sales commission, and fails to pay them for all for rest breaks, minimum wage, overtime, and vacation pay.  Plaintiff seeks among other things, all wages, and statutory remedies.

## PARTIES

2.      Plaintiff Rich Hallman was, at all relevant times, a resident and citizen of Washington.  Plaintiff Hallman was employed by Defendant as a mortgage broker in the State of Washington, during the liability period as alleged herein.

3.      Defendant Wells Fargo Bank, N.A. is a bank, that is authorized to conduct and is actually conducting business in the State of Washington, and that designates its main office in South Dakota.

4.      Plaintiff is currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein under the fictitious names Does 1 through 10, inclusive, and therefore sue such Defendants by such fictitious names.  Plaintiff will seek leave to amend this complaint to allege the true names and capacities of said fictitiously named Defendants when their true names and capacities have been ascertained.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by the Class.

5.      Plaintiff is informed and believes and thereon alleges that all Defendants, including the fictitious Doe Defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, alter egos, partners and/or joint venturers and/or employees of all other Defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent authorization and ratification of their co-Defendant; however, each of these allegations are deemed "alternative" theories whenever not doing so would result in a contradiction with other allegations.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the entire action by virtue of the fact that this is a civil action wherein the matter in controversy, exclusive of interest

2

and costs, exceeds the jurisdictional minimum of the Court.  The acts and omissions complained of in this action took place in part in the State of California. At least one Defendant is a citizen of a state outside of California, and federal diversity jurisdiction exists and/or jurisdiction under the Class Action Fairness Act ("CAFA").  The class amount at issue exceeds $5,000,000 and the jurisdictional minimum of this Court under CAFA.  Venue is proper because this is a class action, the acts and/or omissions complained of took place, in whole or in part within the venue of this Court.

## FACTUAL ALLEGATIONS

7.    Plaintiff and the Class worked as Home Mortgage Consultant, Private Mortgage Banker, Home Mortgage Consultant Jr., and/or Private Mortgage Banker, Jr. (collectively "HMCs") for Defendant selling mortgages.  Defendant paid Plaintiff and Class members based on a sales commission.  Plaintiff and Class members received commission based on a percentage, referred to as basis points, for mortgage loan they originated.  Class members' commission is based on the commission rate applied to loan volume for a given month.

8.    Defendant paid Plaintiff and the Class members advances on commissions at approximately $12 per hour, but then clawed back the hourly advances from the commissions

9.    Plaintiff worked for Defendant as an HMC in Everett, Washington, from approximately October 2015 to November 2017.

10.    Plaintiff and class members were not paid for periods of inactivity during rest breaks because the hourly advance was deducted from class member commissions.  Defendant's pay plan paid failed to compensate for rest breaks, and failed to treat rest breaks as "on the employer's time," in violation of Washington Administrative Code §296-126-092(4).

11.    Because Plaintiff and Class members are paid on a commissions basis, with an advance against commission, they are only paid for sales time, and are not

3

compensated for non-sales activities.  The non-sales time Plaintiff and Class members were not compensated for includes, but is not limited to, meetings, assisting customers with non-mortgage related matters, customer surveys, attending open houses, events, and galas, and working on certain nights or weekends.  Defendant's failure to compensate Plaintiff and Class members for all time worked violates Revised Code of Washington §49.46.020.

12.    When Class members worked shifts over eight (8) hours per day, or over forty (40) hours per week, Defendant did not pay them overtime in accordance with law.  Among other things, Defendant failed to pay unpaid rest breaks at the overtime rate.

13.    Plaintiff and Class members are entitled to vacation pay under Defendant's pay plans.  Defendant, however, treats vacation pay as an advance against commissions, and claws back the vacation pay through deductions from Plaintiff and Class members' commissions.  Defendant, thus, fails to pay Plaintiff and Class members the contractually required vacation pay.

14.    Defendant's conduct, as alleged herein, has caused Plaintiff and Class members damages including, but not limited to, loss of wages and compensation.

15.    Plaintiff is informed and believes, and on that basis alleges, that Plaintiff and the Class did not knowingly submit to the wage violations alleged herein.  Revised Code of Washington §49.52.070 provides that employers who violate Washington's minimum wage laws under the circumstances present in this case are liable for double the amount of wages improperly withheld.  Pursuant to Revised Code of Washington §49.52.080, there exists a presumption of willfulness.

16.    Plaintiff is a member of and seeks to be the representative for the Class of similarly situated employees who all have been exposed to, have suffered, and/or were permitted to work under, Defendant's unlawful employment practices as alleged herein.

**CLASS ACTION COMPLAINT**

**CLASS DEFINITIONS AND CLASS ALLEGATIONS**

17.    Plaintiff brings this action on behalf of herself, and on behalf of all others similarly situated, and as a member of the Class defined as follows:

> All current or former Washington residents who worked for
> Defendant as HMCs at any time beginning three (3) years
> prior to the filing of the Complaint through the date notice is
> mailed to the Class (the "Class period").

18.    Plaintiff reserves the right to amend or otherwise alter the sub-class definitions presented to the Court at the appropriate time, or to propose or eliminate sub-classes, in response to facts learned through discovery, legal arguments advanced by Defendant or otherwise.

19.    This action has been brought and may be properly maintained as a class action pursuant to California Code of Civil Procedure § 382 and other applicable law, as follows:

20.    **Numerosity of the Class:**  Members of the Class are so numerous that their individual joinder is impracticable.  The precise number of Class members and their addresses are known to Plaintiff or will be known to Plaintiff through discovery.  Class members may be notified of the pendency of this action by mail, electronic mail, the Internet, or published notice.

21.    **Existence of Predominance of Common Questions of Fact and Law:**  Common questions of law and fact exist as to all members of the Class. These questions predominate over any questions affecting only individual Class members. These common legal and factual questions include:

    a.  Whether Defendant's pay plan fails to compensate for rest break time;

    b.  Whether Defendant's failure to pay for rest break time was willful;

    c.  Whether Plaintiff and each member of the Class were not paid minimum wage for non-sales time worked during the Class period;

    d.  Whether Defendants failed to pay Plaintiff and Class members for

overtime because with respect to the unpaid rest break time;

 e. Whether Defendant failed to pay Plaintiff and Class members for vacation time, also referred to as Paid Time Off.

 f. The nature and extent of class-wide injury and the measure of damages for the injury.

22. **Typicality**: Plaintiff's claims are typical of the claims of the members of the subclasses they represent because Plaintiff, as a mortgage consultant for Defendant, was exposed and subjected to the same unlawful business practices as other mortgage salespersons employed by Defendant during the liability period. Plaintiff and the members of the class she represents sustained the same types of damages and losses.

23. **Adequacy:** Plaintiff is an adequate representatives of the Class they seeks to represent because their interests do not conflict with the interests of the members of the subclasses Plaintiff seeks to represent.  Plaintiff has retained counsel competent and experienced in complex class action litigation and Plaintiff intends to prosecute this action vigorously.  The interests of members of each Class will be fairly and adequately protected by Plaintiff and their counsel.

24. **Superiority and Substantial Benefit:** The class action is superior to other available means for the fair and efficient adjudication of Plaintiff and the Class members' claims. The violations of law were committed by Defendant in a uniform manner and class members were exposed to the same unlawful practices. The damages suffered by each individual Class member may be limited.  Damages of such magnitude are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct.  Further, it would be virtually impossible for the Class members to redress the wrongs done to them on an individual basis. Even if members of the Class themselves could afford such individual litigation, the court system could not. Individualized litigation increases the delay and expense to all parties and the court

**CLASS ACTION COMPLAINT**

system, due to the complex legal and factual issues of the case.  By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

25.    The Class should also be certified because:

a. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members which would establish incompatible standards of conduct for Defendant;

b. The prosecution of separate actions by individual members of the Class would create a risk of adjudication with respect to them, which would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

c. Defendant has acted or refused to act on grounds generally applicable to the Class, and/or the general public, thereby making appropriate final and injunctive relief with respect to the Classes as a whole.

## FIRST CAUSE OF ACTION
### FAILURE TO PAY REST BREAKS
**(Against All Defendants)**

26.    Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

27.    Revised Code of Washington §49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health.  The state of Washington, therefore, exercising its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

28.    Revised Code of Washington §49.12.020 provides that "[i]t shall be

7

unlawful to employ any person in any industry or occupation within the State of Washington under conditions of labor detrimental to their health." Under Revised Code of Washington §49.12.005 and Washington Administrative Code §296-126-002, conditions of labor "means and includes the conditions of rest . . . periods" for employees.

29.     Washington Administrative Code §296-126-092(4) provides as follows: "Employees shall be allowed a rest period of not less than ten minutes, on the employer's time, for each four hours of working time."

30.     At all times relevant during the liability period, Defendants willfully failed and refused, and continues to willfully fail and refuse, to pay Plaintiff and Class members the amounts owed. Specifically, Defendant claws back all hourly advances from commission, and thus does not provide paid rest break time. This conduct violates Washington law as alleged in this cause of action.

31.     Defendants' unlawful conduct alleged herein occurred in the course of employment of Plaintiff and all other similarly situated class member, and Defendants has done so continuously throughout the filing of this complaint.

32.     As a direct and proximate result of Defendants' violation Washington rest break law, Plaintiff and other Class members have suffered harm and money damages. Plaintiff, on behalf of themselves and on behalf of the Class, seeks damages for unpaid rest breaks, at their regular rate of pay, and all other relief allowable, including all unpaid wages, double damages, and attorneys fees.

## SECOND CAUSE OF ACTION
### FAILURE TO PAY MINIMUM WAGE
**(Against All Defendants)**

33.     Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

34.     Revised Code of Washington §§49.46.020 and 49.46.120 establish Washington State's minimum wage standards.

35.     Revised Code of Washington §49.46.090 provides: "Any employer who pays any employee less than wages to which such employee is entitled under or by virtue of this chapter, shall be liable to such employee affected for the full amount of such wage rate, less any amount actually paid to such employee by the employer, and for costs and such reasonable attorney's fees as may be allowed by the court."

36.     As set forth herein, Defendant failed to compensate Plaintiff and Class members for non-sales time, and thus violated Washington's minimum wage laws.

37.     Defendant's actions alleged herein have violated Washington minimum wage laws, and Defendant is therefore liable to Plaintiff and the Class for actual damages, double damages, and attorneys' fees and costs, in amounts to be determined at trial.

## THIRD CAUSE OF ACTION
### FAILURE TO PAY OVERTIME
**(Against All Defendants )**

38.     Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

39.     Revised Code of Washington §49.46.130 provides that no employer shall employ any employee for a workweek longer than 40 hours unless the employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and half times the regular rate at which he is employed.

40.     By its action alleged herein, including but not limited to, not paying for overtime associated with unpaid rest breaks, Defendants violated Washington overtime law.

41.     As a result, Plaintiff and the Class have been deprived of  wages and/or compensation, and Defendant is liable for actual damages, double

**CLASS ACTION COMPLAINT**

damages, and attorneys' fees and costs, in amounts to be determined at trial.

## FOURTH CAUSE OF ACTION
### WILLFUL REFUSAL TO PAY WAGES
### (Against All Defendants)

42.     Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

43.     Defendant's have denied Plaintiff wages and benefits of employment, including contractual vacation pay, as alleged herein.  Defendant's deduction of Plaintiff's vacation pay for wages results in depriving Plaintiff and Class members of their vacation pay, in violation of Revised Code of Washington §49.52.050. Defendant is, therefore, liable to Plaintiff for all such vacation pay and other improperly deducted or rebated wages or earnings, and double damages, under Revised Code of Washington §49.52.070.

44.     Plaintiff and the Class have been deprived of  wages and/or compensation, and Defendant is are liable for actual damages, double damages, and attorneys' fees and costs, in amounts to be determined at trial.

## PRAYER

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated and also on behalf of the general public, pray for judgment against Defendant as follows:

A. An order that this action may proceed and be maintained as a class action;

B. A declaration Defendant is financially responsible for notifying all Class members of its wage and hour violations;

C. Appoint Plaintiff Hallman as class representative;

D. Appoint the undersigned as class counsel;

E. Declare the actions complained of violate Washington law;

F. Award Plaintiff and the class compensatory damages, including lost

**CLASS ACTION COMPLAINT**

wages;

G. Award Plaintiff and the class damages and/or compensation for unpaid rest breaks;

H. Award Plaintiff and the class all minimum wages owed;

I. Award Plaintiff and the class all overtime wages owed;

J. Award Plaintiff and the class all vacation time owed;

K. Award double damages pursuant to Revised Code of Washington §49.50.050.

L. For all applicable statutory penalties under Washington law;

M. Prejudgment interest at the maximum legal rate;

N. Reasonable attorneys' fees;

O. Accounting of Defendant's records for the liability period;

P. General, special and consequential damages, to the extent allowed by law;

Q. Costs of suit; and

R. Such other relief as the Court may deem just and proper.


DATED:  August 14, 2018                    **HAFFNER LAW PC**


                              By:     /s/ Joshua H. Haffner
                                      Joshua H. Haffner, WSBA #53292
                                      Graham G. Lambert (*pro hac vice* pending)
                                      445 South Figueroa Street, Suite 2325
                                      Los Angeles, California 90071
                                      Telephone: (213) 514-5681
                                      Facsimile: (213) 514-5682
                                      Email:  jhh@haffnerlawyers.com
                                              gl@haffnerlawyers.com


DATED:  August 14, 2018                    **STEVENS, LC**


                              By:     /s/ Paul D. Stevens

Paul D. Stevens (*pro hac vice* pending)
700 S. Flower Street, Suite 660
Los Angeles, California 90071
Telephone: (213) 270-1211
Facsimile: (213) 270-1223
Email:  pstevens@stevenslc.com
Attorneys for Plaintiff

**CLASS ACTION COMPLAINT**

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for herself and the Class members on all claims so triable.

DATED:  August 14, 2018                    **HAFFNER LAW PC**


By:     /s/ Joshua H. Haffner
        Joshua H. Haffner, WSBA #53292
        Graham G. Lambert (*pro hac vice* pending)
        445 South Figueroa Street, Suite 2325
        Los Angeles, California 90071
        Telephone: (213) 514-5681
        Facsimile: (213) 514-5682
        Email:  jhh@haffnerlawyers.com
                gl@haffnerlawyers.com


DATED:  August 14, 2018                    **STEVENS, LC**


By:      /s/ Paul D. Stevens
        Paul D. Stevens (*pro hac vice* pending)
        700 S. Flower Street, Suite 660
        Los Angeles, California 90071
        Telephone: (213) 270-1211
        Facsimile: (213) 270-1223
        Email:  pstevens@stevenslc.com

        Attorneys for Plaintiff

13