THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICH HALLMAN, an individual, on behalf of himself and all others similarly situated,<br><br>                         Plaintiff,<br><br>     vs.<br><br>WELLS FARGO BANK, N.A.; and DOES 1 through 10, inclusive<br><br>                     Defendant. | NO. 2:18-cv-01190 JLR<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**Noting Date: June 10, 2021** |

**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Plaintiffs' Motion For Final Approval Of Class Action Settlement (Dkt. # 42) and Motion for Attorneys' Fees and Expenses and Class Representative Service Award (Dkt. # 43) came before this Court on June 10, 2021. The proposed Settlement in this case was preliminarily approved by this Court on March 2, 2021. Pursuant to the Court's Preliminary Approval Order and the Notice provided to the Class, the Court conducted a final fairness hearing as required by Federal Rule of Civil Procedure 23(e). The Court has reviewed the materials submitted by the parties and has heard arguments presented by counsel at the hearing. For the reasons cited on the record as well as those stated hereafter, the Court HEREBY FINDS AND ORDERS as follows:

1. Except as otherwise specified herein, for purposes of this Final Approval Order, the Court adopts all defined terms set forth in the Stipulation of Settlement of Class Action and Release of Claims ("Settlement" or "Settlement Agreement").

2. The Court finds that this action satisfies the requirements of Rule 23 and further finds that the Class has at all times been adequately represented by the Plaintiffs and Class Counsel.

3. The Court HEREBY APPROVES the Class Settlement based upon the terms set forth in the Order Granting Motion for Preliminary Approval and the Settlement Agreement filed by the Parties. The Settlement appears to be fair, adequate, and reasonable to the Class and Subclasses.

4. The Notice approved by the Court was provided by First Class mail to the last known address of each of the individuals identified as Class Members. In addition, reasonable follow-up efforts were made to send the Notice to those individuals whose original notices were returned as undeliverable. The Notice adequately described all of the relevant and necessary terms of the proposed Settlement Agreement, the request for Class Representative service awards to Plaintiff, and Class Counsel's motion for an award of attorney's fees and expenses.

5. The Court finds that the Notice given to the Class fully complied with Rule 23, was the best notice practicable, satisfied all constitutional due process concerns, and provides the Court with jurisdiction over the Class Members.

6. Each Class Member who did not timely and validly request exclusion from the Settlement ("Settlement Class Member") shall be bound by the Settlement and all terms and provisions thereof. The Court finds that the Settlement is rationally related to the strength of Plaintiffs' claims given the risk, complexity, and duration of further litigation. The Court also finds that the Settlement is the result of arms-length negotiations between experienced counsel representing the interests of the Class and Subclasses and Defendant, after conducting appropriate factual and legal investigation. The Court finds that the uncertainty and delay of further litigation strongly supports the reasonableness and adequacy of the non-reversionary $2,000,000.00 Gross Fund Value established pursuant to the Settlement Agreement.

7. Of the identified Class Members who were notified, only one individual has opted out of the Settlement.  No Class Members have objected to any aspect of the proposed settlement. The reaction of the Class to the proposed settlement strongly supports the conclusion that the proposed Settlement is fair, reasonable, and adequate.

8. The Gross Fund Value shall be distributed in accordance with the Settlement Agreement, as detailed in the Motion for Preliminary Approval of Class Action Settlement, granted on March 2, 2021.

9. Rust is appointed as the Settlement Administrator and awarded its fees and expenses of $50,000.00.  This amount shall be paid from the Gross Fund Value.

10. Named Plaintiff Rich Hallman is hereby awarded $10,000 each for their services to the Class and Subclasses and their effort in pursuing this litigation.  These amounts shall be paid from the Gross Fund Value.

11. Pursuant to the common fund doctrine, Class Counsel are awarded $666,666.67 in reasonable attorneys' fees ($333,333.33 to Stevens, LC; $333,333.34 to Haffner Law) and

$6,277.41 in litigation expenses actually incurred in prosecution of this action ($3,916.66 to Stevens, LC; $2,360.75 to Haffner Law).  These amounts shall be paid from the Gross Fund Value.  The fee award, which is one-third of the Gross Fund Value, is reasonable under both the percentage-of-the-fund method and a lodestar cross-check, particularly in light of the substantial time and resources Class Counsel devoted to this risky multi-year litigation on a contingency basis, and in light of the extraordinary results obtained through the Settlement.

13. In addition to the Gross Fund Value, Defendant shall pay the employer's share of payroll taxes on the portion of each individual Class Member settlement payment that is allocated to wages pursuant to the Settlement.

14. Pursuant to the Settlement Agreement, the Parties shall take such actions in *Ibarra* as are necessary to effectuate the Settlement.

15. The Action is hereby DISMISSED WITH PREJUDICE, with each party to bear his, her, or its own costs, except as set forth herein, and with this Court retaining exclusive jurisdiction to enforce the Settlement Agreement, including over disbursement of the Gross Fund Value. If, for any reason, the Effective Date of the Settlement does not occur, this Final Approval Order will be vacated, the Parties will return to their respective positions in this action as those positions existed immediately before the Parties executed the Settlement.

16.  The following individuals submitted timely and valid exclusions from the Settlement: Jerry Allen Lampert.  These individuals are not bound by the Settlement and have not released any claims against Defendant.

17.  By operation of this Final Approval Order, the Court ENJOINS any Class Member, whether acting directly, in a representative capacity, or in any other capacity, and whether or not any such Class Member has appeared in the litigation, from asserting, instituting or prosecuting in any capacity in any court or governmental agency any claims released in the Settlement against Defendant or any other parties released by the Settlement, unless the Class Member has sent a timely and valid request to be excluded from the

Settlement.

18. No later than 21 days after the void date for individual settlement payments to Settlement Class Members, Plaintiffs shall file a Post-Distribution Accounting in accordance with the United States District Court for the Northern District of California's class action guidelines.

IT IS SO ORDERED.

Dated: June 10, 2021.

Hon. JAMES L. ROBART
United States District Judge